Truax, J.
The defendants admit in their pleadings that at the time the checks were drawn neither one of them had the money in bank with which to meet his ’ check. The defendant, Howland, in his testimony said that he knew his check was not good when he drew it, and also that he knew that Sedgwick desired to raise money, and that he, Howland, gave Sedgwick his check, because Sedgwick wanted to borrow money; and for that reason he must have known that Sedgwick at that time did not have the money in bank with which to meet his check.
It is true Howland says that his check was given for Sedgwick’s accommodation, and that he believed that Sedgwick’s check would be good; but the whole transaction is of such a nature that it should have been left to the jury to determine whether there was, as a matter *59 of fact, an intention on the part of the defendants, or either of them, to defraud the plaintiff.
The court below seems to have ordered a verdict for the defendants upon the ground that it did not appear from the evidence but that Sedgwick’s check was good when it was given; but, as before stated, Sedgwick admitted that his check was not good and, therefore, it was unnecessary to prove that fact.
Plaintiff’s exceptions are sustained, and the verdict is set aside, and a new trial is ordered, with costs to plaintiff to abide the event.